IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THERESIA KING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>v.<br><br>INTERSTATE BLOOD BANK, INC.,<br><br>    Defendant. | Case No. 3:20-cv-00113-JRG-HBG<br><br>Judge Greer<br>Magistrate Judge Guyton |

## JOINT MOTION TO APPROVE SETTLEMENT OF
## INDIVIDUAL FLSA CLAIM

Through this motion, Plaintiff Theresia King ("King") and Interstate Blood Bank, Inc. ("Defendant" or "IBBI"), respectfully request that the Court enter an Order approving the Parties' agreement to settle King's claims for unpaid overtime under the Fair Labor Standards Act ("FLSA").

### INTRODUCTION

IBBI operates blood and plasma donation centers, including a blood donation center located in Knoxville, TN. King worked for IBBI at its Knoxville location in several positions, including as a Quality Assurance Coordinator ("QAC"). During the period January 1, 2018, through October 11, 2019, King was classified as an exempt employee and paid a salary in her role as a QAC. Through this litigation, King claims that IBBI misclassified her as exempt and failed to pay her overtime in violation of the FLSA. IBBI denies those claims and denies that King is entitled to any relief.

Through extensive arms' length negotiations between counsel and with the assistance of experienced FLSA litigator and mediator, Michael Russell, Esq., the Parties have reached a settlement of King's FLSA claims. The Parties now respectfully request that the Court approve their proposed settlement and dismiss this case with prejudice. As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' bona fide dispute as to liability and damages under the FLSA. King also seeks an award of attorneys' fees and costs which Defendant does not oppose.

## Relevant Procedural and Factual History

On March 17, 2020, King filed a lawsuit in the United States District Court for the Eastern District of Tennessee, asserting that she was misclassified as exempt and denied overtime pay in violation of the FLSA. [Doc. 1] The Complaint referenced that King intended to pursue these FLSA claims on behalf of others similarly situated to her. King also claimed that she had been terminated in retaliation for complaining about IBBI's failure to pay her overtime. On May 26, 2020, IBBI filed its Answer to the Complaint denying King's claims and denying that it violated the FLSA. [Doc. 5]

In or around July 2020, the Parties discussed the possibility of trying to resolve King's claims against IBBI on an individual basis before proceeding to litigation on her individual claims and/or in pursuit of a potential collective action.

On or about August 17, 2020, the Parties shared their Rule 26(a)(1) disclosures through which they identified witnesses and documents they planned to use in support of their claims and defenses. Plaintiff also provided detailed information relating to her alleged damages.

In August 2020, the Parties began to engage in settlement communications, which included the exchange of extensive background factual information and legal arguments

concerning each side's respective position as to King's claims and IBBI's defenses as well as the exchanges of offers.

On September 22, 2020, the Parties filed a Joint Motion to Approve Stipulation and Proposed Order Staying Case. [Doc. 16] Through that motion, the Parties sought to have the litigation stayed while they continued to negotiate a resolution of King's claims. On September 23, 2020, the Court entered an Order requiring the Parties to participate in mediation within 30 days and denying the Parties' Joint Motion for a Stay. [Doc. 17]

On October 20, 2020, in compliance with the Court's Order, the Parties participated in mediation with experienced FLSA litigator and mediator Michael Russell. Through that mediation, they were able to successfully negotiate a resolution of King's claims. On October 22, 2020, Mr. Russell filed his Report of Mediation. [Doc. 18]

The terms of the Parties' agreement to settle King's claims are set forth in two separate agreements. The first agreement relates to King's claims that she was misclassified as exempt and denied overtime compensation in violation of the FLSA ("FLSA Agreement"). A copy of the FLSA Agreement is attached as Exhibit A to this motion. Because King's FLSA claims may not be compromised without the approval of either the Court or the Secretary of Labor, the FLSA Agreement is subject to Court approval and is the subject of this Joint Motion. The second agreement relates to King's claims that she was subjected to a retaliatory discharge ("Discharge Agreement"). The Discharge Agreement does not require Court approval and contains confidential settlement terms. It is available for in camera review, if requested by the Court.

The Parties believe that the FLSA Agreement represents a fair and reasonable compromise given the disputes at issue and the risks of continuing forward with litigation.

3
Case 3:20-cv-00113-JRG-HBG   Document 19   Filed 11/05/20   Page 3 of 13   PageID #: 73

## Terms of the Proposed Settlement

The FLSA Settlement contemplates payment of a gross settlement amount of $35,000, inclusive of overtime damages, liquidated damages, attorney's fees and costs. From this amount, King will receive $10,500 for alleged unpaid overtime, which equals approximately 3.75 hours of overtime compensation for each week she worked for IBBI as an exempt employee. She will receive another $10,500 in liquidated damages. In exchange, King agrees to release IBBI and related parties from all claims or potential claims for "overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA, or any other applicable federal, state, or local laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues) arising from [King's] employment with [IBBI]."

## MEMORANDUM OF LAW

The Parties have reached a settlement that fairly and reasonably resolves the Parties' claims and defenses and that was negotiated at arm's length between counsel for all Parties and with the assistance of a mediator. As such, the Court should enter an order approving the settlement.

I.  **The Proposed Settlement Fairly and Reasonably Resolves the Parties' Claims and Defenses.**

   A.  **Standard for Approval of Settlement of FLSA Collective Actions**

Although it is not clear in this circuit that court approval of a settlement of FLSA claims is required in every circumstance in order to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b) when the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving

the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 11th Cir. 1982).

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.*, at 1355; *accord Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Wills v. Cellular Sales of Tenn.*, LLC, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

    **B.**    **A Bona Fide Dispute Exists Over Liability and Damages.**

In reviewing the settlement of a plaintiff's FLSA claims, a district court must " 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id; accord Thompson v. United Stone, LLC*, No. 1:14-CV-224, 2015 WL 867988 at

5

*1 (E.D. Tenn. Mar. 2, 2015); *Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A bona fide dispute clearly exists in this case. King claims that, during the period from January 1, 2018, to October 11, 2019, she was misclassified as exempt in her QAC position. She further claims to have worked overtime hours each week that she was classified as exempt and that she should have been compensated for those hours at an overtime rate. IBBI denies King's claim that she was misclassified as exempt and is entitled to overtime compensation. IBBI contends that King was properly classified as exempt in the QAC position and that her salary properly compensated her for all hours worked. IBBI also disputes the number of hours over 40 that King claims to have worked during the period she was classified as exempt. The Parties also have opposing views on other matters relating to King's individual claims, including how to properly calculate potential damages, whether liquidated damages are available and whether a two-year or three-year limitations period applies, given that the latter requires proof of "willfulness."

Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the uncertainty of dispositive motion practice and trial, the Parties have agreed that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by IBBI in exchange for a release of claims by King and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable

6
Case 3:20-cv-00113-JRG-HBG    Document 19    Filed 11/05/20    Page 6 of 13    PageID #: 76

compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

### C. The Settlement Is Fair and Reasonable.

In addition to resolving a bona fide dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for several reasons.

First, the amount payable to King is fair and reasonable under the circumstances. If she were to proceed with the litigation, King would face the possibility that she might lose her FLSA claims altogether, based on a finding that she was properly classified as exempt. Moreover, while King is receiving pay for less overtime than she claims to have worked, she is receiving more overtime than IBBI's records show her working. Prior to January 1, 2018, when she was classified as exempt, King was classified as nonexempt and recorded her work hours. These records show that King worked an average of 2.9 hours of overtime hours per week - less than the 3.75 hours per week for which she is receiving compensation under the FLSA Agreement. Further, this settlement provides King with overtime covering a three-year limitations period, rather than a two-year limitations period. Finally, the settlement provides King with liquidated damages in an amount equal to her overtime payment.

King believes that a compromise as to her claim for overtime hours is reasonable under the circumstances and in light of the defenses and risks of litigating this matter. King and her counsel believe this is a fair recovery considering that IBBI was asserting reasonable arguments that: (1) King was properly classified as exempt and should get no recovery at all; (2) King did not work the number of hours over 40 in a workweek for which she is receiving compensation under the FLSA Agreement; (3) liquidated damages were not available; and (4) a two-year look back would apply. [Morton Dec. ¶ 11, attached as Exhibit B]

Second, there is no collusion between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arms-length negotiations between the Parties through experienced attorneys and with the help of a widely respected mediator experienced at litigating FLSA claims. [Morton Dec. ¶ 9, 12]

Third, from the time the Complaint was filed through the conclusion of settlement negotiations, King was represented by counsel who is respected in the community and experienced in handling wage and hour claims. King's counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. [Morton Dec. ¶¶ 3-6, 13] Thus, King's interests have been fully represented and protected. Counsel for both Parties have advised their respective clients regarding the settlement, and they have recommended seeking judicial approval. Courts routinely give those recommendations weight. *See Lynn's Food*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to: (i) collect, obtain, and review relevant facts and information; (ii) evaluate the legal arguments and merits of their claims and defenses; (iii) understand the scope of potential damages; and (iv) engage in negotiations with the mutual understanding that continuing toward formal discovery and litigation would be a difficult, costly, and uncertain undertaking. [Morton Dec. ¶ 13]

Fifth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources engaging in written discovery, depositions, and expert discovery, engaging in extensive motion practice, and engaging in other litigation work. After the resolution of the legal and evidentiary issues, the Parties may have faced the prospect of an expensive trial as well as likely post-trial motions and appeals. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of King's claims. While a number of issues remain unresolved in this litigation, preparation for the Parties' mediation session enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for King, and the Court should approve it.

## II.   King's Counsel's Requested Award of Attorneys' Fees and Costs Is Reasonable and Should Be Fully Granted.

The proposed award of attorneys' fees and costs is fair, reasonable, and should be approved. IBBI does not oppose the payment of the agreed-upon amount of King's counsel's attorneys' fees, litigation expenses, and costs from the settlement amount.

"[T]he attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984). An award of fees is mandatory, while the amount of fees is within the discretion of the court. *Thompson*, 2015 WL 867988 at *2 (citing

*Cruz v. Vel–A–Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

In the Sixth Circuit, the only requirement for awards of attorneys' fees and costs to Plaintiffs' Counsel is that the award "be reasonable under the circumstances." *Rawlings v. Prudential-Bache Property*, 9 F.3d 513, 516 (6th Cir. 1993); *see also Blum v. Stenson*, 465 U.S. 886, 893 (1984). "The Sixth Circuit currently accepts two methods of determining the reasonableness of a fee request": (1) the lodestar method, under which the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, and (2) the percentage of the fund method, under which the court determines a percentage of the settlement to award to counsel. *In re Telectronics Pacing Sys.*, 127 F. Supp. 2d 1029, 1041 (S.D. Ohio 2001); *see also Rawlings*, 9 F.3d at 517.

In this case, the proposed attorneys' fees and costs award is appropriate under either the lodestar or the percentage-of-fund method. King's attorneys' fees and costs are reasonable given the result obtained, time expended, and time yet to be expended in finalizing the proposed settlement. The portion of the settlement amount allocated to fees and costs is 40% of the total FLSA settlement amount; however, the attorneys' fees were negotiated in addition to the amount being paid to King to resolve her FLSA claims so that her recovery would not be reduced by the amount paid to her attorneys. King's attorneys agreed to accept her case under a contingency retainer agreement specifying 40% as the percentage to be allocated for attorneys' fees. King's counsel fronted all the costs of litigation and King was under no obligation to repay her counsel's attorneys' fees if the case was unsuccessful. [Morton Dec. ¶ 8, 10] The 40 percent contingency amount allocated to attorneys' fees results in a payment of $14,000, which is less than would be

due to her attorneys using a lodestar calculation for work performed on the misclassification claim. [Morton Dec. ¶ 10] Given that the attorney's fees and costs do not diminish the amount of King's overtime and liquidated damages recovery and the other relevant factors discussed herein, the award of fees and costs is fair and proper. *See Ridenour v. Serv. Pros Installation Grp., Inc.*, No. 3:18-CV-418-TRM-HBG, 2020 U.S. Dist. LEXIS 19142, at *7 (E.D. Tenn. Jan. 17, 2020) (approving attorneys' fees in an amount roughly equivalent to the amount paid to plaintiffs); *Edwards v. SumiRiko Tenn., Inc.*, No. 3:20-cv-83, 2020 U.S. Dist. LEXIS 151059, at *2-3 (E.D. Tenn. Aug. 20, 2020) (same); *Salinas v. United States Xpress Enters., Inc.*, No. 1:13-cv-00245-TRM-SKL, 2018 U.S. Dist. LEXIS 50800 (E.D. Tenn. Mar. 8, 2018) (approving 40% of settlement fund as attorneys' fees); *Hatfield-Evans v. ENNRL, Inc.*, No. 3:17-CV-419-TRM-DCP, 2018 U.S. Dist. LEXIS 196896, at *7-8 (E.D. Tenn. Oct. 30, 2018) (approving 40% of fund); *Williams v. Bevill*, No. 4:14-cv-82-TRM-SKL, 2016 U.S. Dist. LEXIS 25002, at *6-8 (E.D. Tenn. Feb. 8, 2016) (collecting cases acknowledging that an attorney can reasonably recover more than the employee in FLSA cases where the unpaid wages are relatively minor); *Thompson v. United Stone, LLC*, No. 1:14-cv-224-CLC-SKL, 2015 U.S. Dist. LEXIS 24741, at *5-7 (E.D. Tenn. Feb. 9, 2015) (same); *Mclain et. al. v. First Acceptance Corp.*, No. 3-17-cv-00408 [D.E. 57] (M.D. Tenn 2018) (Crenshaw, J./Holmes, M.J.) (Order approving attorneys' fees and costs approximating 66% of the total settlement amount); *Wilson et. al. v. MMR Senior Alliance Corp et. al.*, No. 3:17-cv-1412 [D.E. 56] (M.D. Tenn. 2018) (Crenshaw, J./Holmes, M.J.) (Order approving attorneys' fees and costs approximating 50% of the total settlement amount).

## CONCLUSION

This FLSA Settlement is a product of an arms-length negotiation between the Parties and their counsel that resolves a bona fide dispute over allegedly owed overtime wages. As such, the settlement is fair and reasonable and provides King with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' FLSA settlement agreement and award reasonable attorneys' fees and litigation costs in the amount requested. Finally, the Parties jointly request that this action be dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| s/ *Jennifer B. Morton* <br> Jennifer B. Morton, TN #15585 <br> Maha M. Ayesh, TN #025244 <br> JENNIFER MORTON LAW, PLLC <br> 8217 Pickens Gap Road <br> Knoxville, TN 37920 <br> (865) 579-0708 <br> jen@jmortonlaw.com <br> maha@jmortonlaw.com <br> *Attorneys for Plaintiff Theresia King* | s/ *Elizabeth S. Washko* <br> Elizabeth S. Washko, TN #019931 <br> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. <br> SunTrust Plaza <br> 401 Commerce Street, Suite 1200 <br> Nashville, TN 37219-2446 <br> Telephone: 615-254-1900 <br> Facsimile: 615-254-1908 <br> liz.washko@ogletree.com <br><br> A. Craig Cleland (admitted pro hac vice) <br> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. <br> 191 Peachtree Street NE, Suite 4800 <br> Atlanta, GA 30303 <br> Telephone: 404-881-1300 <br> Facsimile: 404-870-1732 <br> craig.cleland@ogletree.com <br><br> *Attorneys for Defendant Interstate Blood Bank, Inc.* |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jennifer B. Morton, Esq.
Maha M. Ayesh, Esq.
Law Office of Jennifer B. Morton
8217 Pickens Gap Road
Knoxville, TN 37920
jen@jmortonlaw.com
mahamayesh@gmail.com


                                /s/ *Jennifer Morton*